COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-349-CR
CALVIN ALEXANDER                                                                               
APPELLANT
V.
THE STATE OF TEXAS                                                                               
STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
------------
OPINION
------------
Calvin Alexander, Appellant, appeals his conviction for aggravated sexual
assault raising two points: 1) the trial court erred in allowing the
introduction of an extraneous offense that was more prejudicial than probative
because identity was not a contested issue in the case sufficient to warrant the
introduction of an extraneous offense; and 2) the trial court erred in allowing
the introduction of an extraneous offense that was not similar enough to the
charged offense to be material and relevant to the issue of identity and that
was more prejudicial than probative. We affirm the judgment.
FACTS
During the evening of May 1, 2000, A_____ M_____ (AM) left her home and went
to a local convenience store. When she arrived at the store, she met Appellant.
Appellant convinced AM to accompany him back to a nearby home where he lived.
When AM and Appellant reached the home, they drank beer and had a conversation.
After about a hour, AM attempted to go to the restroom. Finding the restroom
occupied, AM went outside and used the restroom behind some appliances in the
back yard. During this time, Appellant came up from behind AM and attacked her.
He pulled AM's hair hard enough to remove hair extensions glued to her head.
Appellant hit AM with what appeared to be an ice pick and pulled her into a
deserted van located in the back yard. Once in the van, Appellant removed AM's
shorts and raped her.
AM convinced Appellant that she needed to go to the restroom and to get her
asthma medication. When she got out of the van, she went to the side of the
house and then managed to flee from Appellant. AM ran to a friend's home and
received clothing. She then went back to her home and went to sleep. The next
morning, AM's friend convinced her to call the police and go to the emergency
room.
During the police investigation of the sexual assault, a detective in the
Fort Worth Police Department discovered that one week after the rape of AM,
Appellant had sexually assaulted another woman that lived in the neighborhood.
M_____ D_____ (MD), a known prostitute and drug abuser, met Appellant on May 8,
2000, at a local pool hall. Appellant gave MD a hit of crack cocaine and
convinced MD to go to the same home where he had raped AM. MD agreed to go with
him and to have sex with him if Appellant would give her more cocaine.
Appellant took MD to the abandoned van behind the home. When Appellant failed
to produce more cocaine or any money, MD attempted to leave. Appellant then
violently attacked her. He choked her until she nearly lost consciousness and
then pulled a knife and held it to her throat demanding that she remove her
clothes. MD removed her clothes, and Appellant repeatedly raped her throughout
the night. Appellant eventually fell asleep, and MD managed to escape the van.
The trial court allowed MD to testify at Appellant's trial. The trial court
provided a limiting instruction in the charge to the jury which limited MD's
testimony for purposes of identity. A jury convicted Appellant of aggravated
sexual assault, and the trial court sentenced him to twenty-five years
imprisonment. Appellant then appealed the judgment.
EXTRANEOUS OFFENSE
Appellant's first point on appeal states that rule 403 of the Texas Rules of
Evidence prevented the trial court from admitting an extraneous offense in
Appellant's trial. Under Appellant's second point on appeal, he claims that rule
404(b) of the rules of evidence prevented the court from admitting the same
extraneous offense. Because Appellant's two points both question whether the
trial court properly admitted the extraneous offense in Appellant's trial, we
will review the two points together.
STANDARD OF REVIEW
Standard of Review for a Determination under rule 404(b)
The general rule regarding the admissibility of extraneous offenses is that
an accused may not be tried for a collateral crime or for being a criminal
generally. Williams v. State, 662 S.W.2d 344, 346 (Tex. Crim. App.
1983); Elkins v. State, 647 S.W.2d 663, 665 (Tex. Crim. App. 1983); Ridgely
v. State, 756 S.W.2d 870, 872 (Tex. App.--Fort Worth 1988, no pet.).
However, an extraneous offense may be admissible upon a showing by the
prosecution that the extraneous offense is relevant to a material issue in the
case. Williams, 662 S.W.2d at 346; Ridgely, 756 S.W.2d at 872.
Appellate courts measure the trial court's rulings concerning the admissibility
of evidence of other crimes, wrongs, or acts under rule 404(b) by an abuse of
discretion standard. Montgomery v. State, 810 S.W.2d 372, 386 (Tex.
Crim. App.1990) (op. on reh'g). As long as the trial court's ruling is within
the zone of reasonable disagreement, the appellate court will not interfere with
the ruling. Id. at 391.
Standard of Review for a Determination Under rule 403
In evaluating the trial court's determination under rule 403, a reviewing
court is to reverse the trial court's judgment "rarely and only after a
clear abuse of discretion." Mozon v. State, 991 S.W.2d 841, 847
(Tex. Crim. App. 1999); Montgomery, 810 S.W.2d at 392. The trial court
is in a superior position to evaluate the impact of the evidence. Montgomery,
810 S.W.2d at 379. The reviewing court cannot however simply conclude that
"the trial judge did in fact conduct the required balancing and did not
rule arbitrarily or capriciously." Mozon, 991 S.W.2d at 847.
"The trial court's ruling must be measured against the relevant criteria by
which a Rule 403 decision is made." Id. When the relevant criteria
are viewed objectively and lead to the conclusion that the danger of unfair
prejudice substantially outweighs the probative value of the proffered evidence,
the appellate court should declare that the trial court erred in failing to
exclude it. Montgomery, 810 S.W.2d at 392.
DISCUSSION
Under the Texas Rules of Evidence rule 404(b), evidence of other crimes,
wrongs, or acts is not admissible to prove a person's character or that a person
acted in conformity with that character. A trial court may admit such evidence
for other purposes such as proof of motive, opportunity, intent, preparation,
plan, knowledge, identity, or absence of mistake or accident. See Feldman v.
State, 71 S.W.3d 738, 754 (Tex. Crim. App. 2002); Santellan v. State,
939 S.W.2d 155, 168 (Tex. Crim. App. 1997). Faced with an objection, the
proponent of such evidence must satisfy the trial court that the extraneous act
has relevance apart from its tendency to prove character conformity. Feldman,
71 S.W.3d at 754.
In this case, the State claimed that the extraneous act went to prove
identity and lack of consent. Because we find that the trial court could have
admitted the evidence as proof of identity, we will not consider whether the
evidence may have been introduced in order to prove lack of consent. Id.
Identity must be an issue in the case before a court may admit extraneous
acts. Johnson v. State, 68 S.W.3d 644, 650-51 (Tex. Crim. App. 2002).
This requirement ensures "that an extraneous act is genuinely needed to
shore up the State's case." Morgan v. State, 692 S.W.2d 877, 882
(Tex. Crim. App. 1985). The court of criminal appeals has ruled that identity
may become an issue in the case through cross-examination of witnesses. See
Ransom v. State, 920 S.W.2d 288, 301 (Tex. Crim. App. 1994) (op. on reh'g)
(holding that extraneous offenses are admissible to rebut defensive theories
raised by the testimony of a State's witness during cross-examination).
In this case, Appellant made identity an issue. Appellant's main defense was
that AM could not positively identify him due to the fact that the crime
occurred in near total darkness. Through cross-examination of AM, Appellant
repeatedly pointed out that the back yard of the house had no lighting, and that
AM could not see very well. Appellant further attempted to show that when AM was
given a photograph line-up to identify Appellant, she hesitated between
identifying Appellant and another person in the group. Appellant's lawyer stated
in closing argument that AM did not know Appellant was the attacker and that she
took a fifty-fifty chance of identifying Appellant in the photo spread. We hold
that Appellant made identity an issue in front of the trial court. Id.
Once identification became an issue, the State had the burden to show that
the two crimes were so similar that they were likely the product of only one
person. Johnson, 68 S.W.3d at 650-51 (Ordinarily, to be admissible to
show identity, an extraneous offense must be so similar to the charged offense
as to mark the offense as the defendant's handiwork.); Taylor v. State,
920 S.W.2d 319, 322 (Tex. Crim. App. 1996); Owens v. State, 827 S.W.2d
911, 915 (Tex. Crim. App. 1992). In determining similarity of the offenses for
the purpose of establishing identity, appellate courts should take into account
both the specific characteristics of the various offenses and the time interval
between them. Johnson, 68 S.W.3d at 651.
In this case, both sexual attacks occurred behind the same house, at nearly
the same time of night, and in the same van. AM testified that after midnight,
Appellant dragged her forcibly into an abandoned van and then assaulted her. MD
similarly testified that it was about two in the morning when Appellant took her
to the same van and then attacked her.
Appellant violently attacked the women in both assaults, and both women
testified that he used a weapon against them. AM testified that Appellant hit
her hard in the back with what she thought was an ice pick. MD testified that
Appellant held a knife to her throat and choked her repeatedly during the
assault.
Similarities further existed in the nature of the attacker's threats. When
Appellant attacked AM, he stated that "[y]ou're not going to leave till I
get ready for you to leave." When MD begged Appellant to let her go, he
stated to her, "We can stop when I get ready to stop."
Appellant attacked AM and MD within a one-week period in May of 2000.
Appellant attacked AM on May 1st and attacked MD on May 8th.
The court of criminal appeals has stated that crimes which occur in close
temporal proximity to each other might not have to be as similar as crimes
committed at more remote periods of time from each other. See Johnson,
68 S.W.3d at 651. The court of criminal appeals has further stated that
"[t]he common distinguishing characteristic may be the proximity in time
and place of the extraneous offense to the offense for which the accused is
being tried." Ford v. State, 484 S.W.2d 727, 729-30 (Tex. Crim.
App. 1972).
In this case, the crimes occurred within one week of each other. Both crimes
occurred at the same abandoned van, both crimes were violent and involved
weapons, both crimes occurred late at night, and the attacker used similar
threatening language. We hold that the extraneous offense was similar enough to
be admissible under 404(b).
Once a trial court properly rules that an extraneous offense is admissible
under rule 404(b), the trial court must then balance probativeness and prejudice
under rule 403. Feldman, 71 S.W.3d at 754; Taylor, 920 S.W.2d
at 322. Under rule 403, there is a presumption that the evidence is probative to
the issue in question. Feldman, 71 S.W.3d at 754. In making the
determination under rule 403, the trial court should consider: 1) whether the
ultimate issue was seriously contested by the opponent of the evidence; 2)
whether the State had other convincing evidence to establish the ultimate issue
to which the disputed evidence was relevant; 3) the compelling nature, or lack
thereof, of the disputed evidence; and 4) the likelihood that the evidence was
of such a nature as to impair the efficacy of a limiting instruction. Taylor,
920 S.W.2d at 322; Montgomery, 810 S.W.2d at 389.
We have already ruled that Appellant seriously contested the ultimate issue.
When Appellant cross-examined AM about whether she could identify Appellant in
the near darkness of the van, Appellant made identity an issue. Further,
Appellant's cross-examination called AM's identification into doubt. Because AM
was the only eyewitness to the crime, this made her testimony less convincing,
and made the need for the extraneous evidence more compelling. We hold that the
extraneous offense evidence was probative to the issue of identification.
MD testified to the extraneous offense. She also testified that she was a
crack cocaine addict and a prostitute. She further testified that she never
reported the rape nor went to the hospital for her injuries. AM was not a drug
addict nor a prostitute. While MD's detailed testimony of the assault was
moving, it was no more moving than AM's testimony of her assault. The likelihood
that the jury would convict Appellant for raping MD instead of AM is unlikely.
The trial court also put a limiting instruction in the jury charge. The
instruction limited the jury's use of MD's testimony to the issue of identity.
Viewing the relative criteria of rule 403 objectively, we hold that the
probative value of the extraneous offense outweighed the possible prejudicial
effect of the testimony. We therefore overrule Appellant's first and second
points on appeal.
CONCLUSION
Having overruled both of Appellant's points, we affirm the trial court's
judgment.
 
                                                                       
SAM J. DAY
                                                                       
JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED FEBRUARY 13, 2003]